UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>               Plaintiff,<br><br>    v.<br><br>CALVIN COGBURN, et al.,<br><br>               Defendant. | CASE NO. C18-1800-JLR-BAT<br><br>**ORDER DIRECTING FILING AND SERVICE OF AMENDED COMPLAINT** |

Plaintiff filed his 42 U.S.C. §1983 civil rights action in December 2018. After service of the complaint but prior to defendants' answers, plaintiff filed a "motion to amend/supplement the complaint" (Dkt. 21). Plaintiff has not previously sought to amend his complaint and as such may amend as a matter of course without the permission of the Court. *See* Fed. R. Civ. P. 15(a)(1). Accordingly, it is **ORDERED**:

(1) The Clerk is directed to **docket plaintiff's "Proposed Supplemental/Amended Complaint" (Dkt. 21, at 6-53) as an amended complaint** and add the following defendants to the docket: William J. Collins (Washington State Department of Corrections (DOC) Psychologist/Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Eric S. Rosmith (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Robert Carsrud (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe

1  Correctional Complex), Lamin Sanneh (DOC Psychologist/Psychiatrist, Special Offender Unit,

2  Monroe Correctional Complex), C. Sais (DOC Psychologist Associate, Special Offender Unit,

3  Monroe Correctional Complex), Bruce Gage (DOC Psychiatrist Overseeing, Special Offender

4  Unit, Monroe Correctional Complex).

5       The Clerk is further directed to **terminate plaintiff's motion** (Dkt. 21).

6       (2)    <u>Service by Clerk</u>

7       **The following defendants are state employees and are represented or would be**

8  **represented by the Washington Attorney General's Office.** The Clerk is directed to send the

9  following to defendants Calvin Cogburn (Psychiatric ARNP, Special Offender Unit, Monroe

10  Correctional Complex), Steven Jewitt (DOC Psychiatrist, Special Offender Unit, Monroe

11  Correctional Complex), Daniel Schneeweiss (DOC Psychiatrist, Special Offender Unit, Monroe

12  Correctional Complex), Jack Warner (Superintendent, Special Offender Unit, Monroe

13  Correctional Complex), Lisa Anderson (Correctional Unit Supervisor, Monroe Correctional

14  Complex) , Kathy Grey (E-Unit Supervisor, Special Offender Unit, Monroe Correctional

15  Complex), Tanya Brown (DOC Psychologist, Special Offender Unit, Monroe Correctional

16  Complex), William J. Collins (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe

17  Correctional Complex), Eric S. Rosmith (DOC Psychologist/Psychiatrist, Special Offender Unit,

18  Monroe Correctional Complex), Robert Carsrud (DOC Psychologist/Psychiatrist, Special

19  Offender Unit, Monroe Correctional Complex), Lamin Sanneh (DOC Psychologist/Psychiatrist,

20  Special Offender Unit, Monroe Correctional Complex), C. Sais (DOC Psychologist Associate,

21  Special Offender Unit, Monroe Correctional Complex), Bruce Gage (DOC Psychiatrist

22  Overseeing, Special Offender Unit, Monroe Correctional Complex) **by e-mail**: a copy of

23  plaintiff's amended complaint, this Order, notice of lawsuit and request for waiver of service of

1  summons, and a waiver of service of summons.

2      **Defendant Nora Bloomingdale is represented by private counsel.** Accordingly, the

3  Clerk is directed to send to defendant Nora Bloomingdale (Psychologist, Special Offender Unit,

4  Monroe Correctional Complex) by **first class mail**: a copy of plaintiff's amended complaint, this

5  Order, notice of lawsuit and request for waiver of service of summons.

6      (3)    Response Required

7      Defendants shall have **30 days** within which to return the enclosed waiver of service of

8  summons.  Any defendant who timely returns the signed waiver shall have **60 days** after the date

9  designated on the notice of lawsuit to file and serve an answer to the complaint or a motion

10  permitted under Rule 12 of the Federal Rules of Civil Procedure.

11      Any defendant who fails to timely return the signed waiver will be personally served with

12  a summons and complaint, and may be required to pay the full costs of such service, pursuant to

13  Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally

14  served shall file an answer or motion permitted under Rule 12 within **30 days** after service.

15      (4)    Filing and Service by Parties Generally

16      All attorneys admitted to practice before this Court are required to file documents

17  electronically via the Court's CM/ECF system. Counsel are directed to the Court's website,

18  www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

19  Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand

20  corner the name of the magistrate judge to whom the document is directed.

21      Any document filed with the Court must be accompanied by proof that it has been served

22  upon all parties that have entered a notice of appearance in the underlying matter.  Plaintiffs shall

23  indicate the date the document is submitted for e-filing as the date of service.

1    (5)    Motions, Generally

2         Any request for court action shall be set forth in a motion, properly filed and served.

3    Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

4    part of the motion itself and not in a separate document.  The motion shall include in its caption

5    (immediately below the title of the motion) a designation of the date the motion is to be noted for

6    consideration upon the Court's motion calendar.

7         Stipulated and agreed motions, motions to file over-length motions or briefs, motions for

8    reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2),

9    motions for default, requests for the clerk to enter default judgment, and motions for the court to

10   enter default judgment where the opposing party has not appeared shall be noted for

11   consideration on the day they are filed.  *See* LCR 7(d)(1).  All other non-dispositive motions

12   shall be noted for consideration no earlier than the third Friday following filing and service of the

13   motion.  *See* LCR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier

14   than the fourth Friday following filing and service of the motion.  *Id*.

15        For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-

16   dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday

17   immediately preceding the date designated for consideration of the motion.

18        The party making the motion may electronically file and serve not later than 11:59 p.m.

19   on the date designated for consideration of the motion, a reply to the opposing party's briefs and

20   affidavits.

21   (5)    Motions to Dismiss and Motions for Summary Judgment

22        Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil

23   Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

1  Procedure should acquaint themselves with those rules.  As noted above, these motions shall be

2  noted for consideration no earlier than the fourth Friday following filing and service of the

3  motion.

4      Defendants filing motions to dismiss based on a failure to exhaust or motions for

5  summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to

6  dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner

7  plaintiffs will have fair, timely and adequate notice of what is required of them in order to

8  oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit

9  has set forth model language for such notices:

10          A motion for summary judgment under Rule 56 of the Federal Rules of
            Civil Procedure will, if granted, end your case.

11
            Rule 56 tells you what you must do in order to oppose a motion for
12          summary judgment.  Generally, summary judgment must be granted when
            there is no genuine issue of material fact – that is, if there is no real
13          dispute about any fact that would affect the result of your case, the party
            who asked for summary judgment is entitled to judgment as a matter of
14          law, which will end your case.  When a party you are suing makes a
            motion for summary judgment that is properly supported by declarations
15          (or other sworn testimony), you cannot simply rely on what your
            complaint says.  Instead, **you must set out specific facts in declarations,**
16          **depositions, answers to interrogatories, or authenticated documents,**
            **as provided in Rule 56(e), that contradict the facts shown in the**
17          **defendant's declarations and documents and show that there is a**
            **genuine issue of material fact for trial.  If you do not submit your own**
18          **evidence in opposition, summary judgment, if appropriate, may be**
            **entered against you.  If summary judgment is granted, your case will**
19          **be dismissed and there will be no trial.**

20  *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

21      Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their

22  motion stricken from the Court's calendar with leave to re-file.

23          (6)     <u>Direct Communications with District Judge or Magistrate Judge</u>

ORDER DIRECTING FILING AND SERVICE
OF AMENDED COMPLAINT - 5

1    No direct communication is to take place with the District Judge or Magistrate Judge with

2  regard to this case.  All relevant information and papers are to be directed to the Clerk.

3    (7)    The Clerk is directed to send copies of this Order to plaintiff and to the Honorable

4  James L. Robart.

5

6    DATED this 6th day of March, 2019.

7

8    _____
     BRIAN A. TSUCHIDA
9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DIRECTING FILING AND SERVICE
OF AMENDED COMPLAINT - 6