UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

    Plaintiff,

v.

CALVIN COGBURN, et al.,

    Defendant.

CASE NO. 2:18-cv-01800-JLR-BAT

**ORDER DIRECTING RESPONSE FROM DEFENDANTS AND RE-NOTING MOTION**

Plaintiff, Daniel Jay Perez, moves for a temporary restraining order (TRO) and preliminary injunction in this 42 U.S.C. § 1983 civil rights action. Mr. Perez contends his ability to present evidence in his civil rights cases is being "chilled by an enacted DOC Policy 590.500." Dkt. 50, at 2-3. Mr. Perez contends the DOC policy prohibits access to his own legal materials crucial to his pending litigation and that he has a "reasonable fear that if he possesses this material he can be punished for such." *Id.* Mr. Perez seeks an order "granting plaintiff possession in his cell all of his legal material without possible reprimand or punishment." Dkt. 50-1.

Fed. R. Civ. P. 65 provides:

> **(b) Temporary Restraining Order.**
> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

        **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Mr. Perez has not demonstrated, as required by Rule 65(b) of the Federal Rules of Civil Procedure, that he will suffer immediate and irreparable injury, loss, or damage before defendants can be heard in opposition. Mr. Perez also does not indicate the alleged restrictions on his access to discovery related documents and legal materials is, at this point, preventing him from meeting an imminent deadline in this case. Moreover, the Court recently issued an order extending the pretrial deadlines in this case such that discovery is not due to be complete until September 20, 2019, and dispositive motions are not due until October 20, 2019. Dkt. 47. Accordingly, the Court construes plaintiff's motion as one for preliminary injunction rather than as one for temporary restraining order and directs **defendants to respond to Mr. Perez's motion on or before August 12, 2019**. Mr. Perez may **submit a reply on or before August 16, 2019**. The Clerk is directed to **re-note the motion to August 16, 2019**.

The Court notes that Mr. Perez has also filed motions to stay the proceedings and modify the scheduling order (Dkt. 49) and for appointment of counsel (Dkt. 48) based, in part, on the same reasons articulated in the instant motion seeking preliminary injunctive relief. The motions to stay and for appointment of counsel are also currently noted for consideration on August 16, 2019. Accordingly, the Court will consider the relief requested in all three motions (Dkts. 48, 49, 50) together. The Clerk is directed to provide a copy of this order to all parties and to the Hon. James L. Robart.

DATED this 1st day of August, 2019.

        BRIAN A. TSUCHIDA
        United States Magistrate Judge