# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>CALVIN COGBURN,<br><br>    Defendant. | CASE NO. C18-1800-JLR-BAT<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

Plaintiff, Daniel Jay Perez, who is proceeding *pro se* and *in forma pauperis* in this civil rights action, moves the Court to appoint counsel. Dkt. 48. For the following reasons, the Court **DENIES** the motion.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING MOTION TO APPOINT
COUNSEL - 1

1     Plaintiff contends he requires counsel because he is indigent and cannot retain counsel, the issues in his case are complex, DOC Policy 590.500 limits his ability to possess legal materials, he has limited access to the law library, he has had problems obtaining discovery from the defendants, and he has no legal training. Dkt. 48.

    Plaintiff has not demonstrated the existence of "exceptional circumstances" to support his request for appointment of counsel. Plaintiff is plainly capable of articulating his claims *pro se*. He has filed numerous typed pleadings and they demonstrate plaintiff is familiar with the court rules and law pertaining to his claims. Plaintiff's contention he has limited law library time, resources, legal knowledge are not exceptional circumstances because these limitations are applicable to virtually all *pro se* prisoner plaintiffs. Plaintiff's contention DOC Policy 590.500 justifies appointment of counsel is unfounded. The policy applies to all DOC prisoners and is thus also not an exceptional circumstance. Moreover, defendants' counsel indicates she is working with plaintiff's prison facility to ensure he can access his personal legal materials and documents, and to ensure plaintiff and the prison are on the same page regarding the application of DOC Policy 590.500. *See* Dkt 55, at 2. In addition, this is not a complex case involving complex facts or law. The complaint alleges defendants violated plaintiff's rights by involuntarily administering anti-psychotic medications. Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion. Dkt. 4.

    The Clerk shall provide a copy of this Order to plaintiff.

    DATED this 22nd day of August, 2019.

BRIAN A. TSUCHIDA  
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 2