UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

                Plaintiff,

v.

CALVIN COGBURN, et al.,

                Defendants.

Case No. C18-1800-JLR

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's motion for a preliminary injunction. Dkt. 50. The motion comes following plaintiff's submission in December 2018 of a *pro se* civil rights complaint alleging defendants violated his rights by involuntarily medicating him. *See* Dkt. 1, 6. On February 27, 2019, plaintiff filed a motion to amend or supplement his complaint, which the Court granted. Dkt. 21, 24. The amended complaint also alleged defendants violated plaintiff's rights by involuntarily medicating him, "without an emergency." Dkt. 25 at 8. Plaintiff contends defendants were deliberately indifferent by involuntarily medicating him in violation of the Eighth Amendments bar against cruel and unusual punishment. *Id.*, at 26. He also contends involuntary medications violate his right to be free of arbitrary force under the due process clause. *Id.* He finally contends that his liberty interest in refusing "bodily intrusions" via forced medication was also violated. *Id.*

The present motion for a preliminary injunction, filed July 31, 2019, is now before the

REPORT AND RECOMMENDATION - 1

undersigned referred judge. Dkt. 50. Plaintiff contends he is concerned DOC Policy 590.500 will interfere with his ability to litigate this case, and if he runs afoul of the policy that he will be unfairly sanctioned. *Id.* According to plaintiff, this policy prohibits inmates confined in a DOC facility from possessing legal materials without the approval of the superintendent or his or her designee. *Id.* Plaintiff thus argues the Court should issue an injunction "to ensure that plaintiff's rights to present his case adequately is not impeded by the very defendants who enforce this DOC Policy 590.500." *Id.*, at 2. In his reply to the defendants' responses, plaintiff also argues his request for injunctive relief is not outside of the claims raised in his complaint because he has alleged being involuntarily medicated is a due process violation and thus connected to his due process rights to retain legal papers under DOC Policy 590.500. Dkt. 58.

Defendants argue a preliminary injunction should be denied because plaintiff has not shown irreparable harm or likelihood of success, the request is unrelated to the claims alleged in the complaint, and defense counsel is working with the prison holding plaintiff to ensure he is able to possess his personal legal material and documents. Dkt. 53 and 55 at 2.

The Court has reviewed the pleadings and record and recommends plaintiff's motion for a preliminary injunction be DENIED.

**DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent

irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008).

The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S*., 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

The claim raised in the amended complaint before the court alleges defendants violated plaintiff's rights by involuntarily administering anti-psychotic drugs. Plaintiff alleges defendants' actions are deliberately indifferent to plaintiff's medical needs and violate his due process right not to be arbitrarily medicated. The issue of whether DOC Policy 500.590 will impede plaintiff from prosecuting this case is not a claim raised in plaintiff's amended complaint. Therefore, plaintiff's motion for the injunctive relief should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an

injunction.").

Additionally, plaintiff has not shown he is likely to succeed on the merits of the alleged violations based upon being involuntarily medicated. An inmate asserting unconstitutional medical mistreatment must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. *See Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's pleadings aver he has long received mental health treatment while in the custody of the Department of Corrections. His amended complaint indicates during the months between June and early August 2018, plaintiff was "voluntarily on anti-psychotic medication off and on as there would be days sometimes a week or two plaintiff would refuse." Dkt. 25, at 8. There is thus no dispute plaintiff receives anti-psychotics and that at times he does so on a voluntary basis. The dispute raised in the amended complaint revolves around plaintiff's view that he did not need anti-psychotic medications and defendants view that he did and would receive them involuntarily if necessary. Given the allegations and law regarding medical claims, plaintiff has not established a likelihood of success that justifies issuance of a preliminary injunction.

Plaintiff has also not alleged any actual injury. At most, plaintiff baldly alleges he is concerned that the DOC policy will impede his ability to litigate this case or will be used to

REPORT AND RECOMMENDATION - 4

retaliate against him. Thus far, plaintiff has continued to file motions in this case, often citing to a range of documents and caselaw. Plaintiff has thus failed to establish that his fears about the application of the DOC policy have injured him.

As plaintiff has not shown he is likely to succeed on the merits of an access to courts claim, plaintiff has not shown he is likely to suffer irreparable injury absent injunctive relief. *See Dex Media W., Inc. v. City of Seattle*, 790 F. Supp. 2d 1276, 1289 (W.D. Wash. 2011) ("Because the court finds that Plaintiffs have failed to establish that they are likely to succeed on the merits of their First Amendment claim, the court cannot find that Plaintiffs have established that they are likely to suffer irreparable First Amendment injury in the absence of a preliminary injunction.").

In short, the plaintiff's motion for preliminary injunctive relief based upon fears that DOC Policy 500.590 will negatively affect him should be denied. There is nothing supporting plaintiff's fears and to the contrary, defense counsel avers she is working with the prison to ensure plaintiff can access his legal materials so he can prepare this case. Plaintiff has failed to show denial of the injunction will cause irreparable harm, that he is likely to succeed on his claims or that the DOC policy is within the claim asserted in the amended complaint. The Court thus recommends the motion be denied

**OBJECTIONS AND NOTING DATE**

This is not an appealable order so no appeal to the Ninth Circuit should be filed at this time. However, the parties may file objection and any objection to this Recommendation must be filed no later than **Thursday September 5, 2019**. The matter will be ready for the Court's consideration on Friday**, September 6, 2019** and the Clerk should so note the matter. A party filing an objection must note the matter for the Court's consideration 14 days from the date the

objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

DATED this 22nd August, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge