UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

    Plaintiff,

v.

CALVIN COGBURN, et al.,

    Defendant.

CASE NO. C18-1800-JLR-BAT

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff, Daniel Jay Perez, proceeds *pro se* in this 42 U.S.C. § 1983 civil rights action. Defendants have filed answers to plaintiff's amended complaint. Dkts. 40, 41. On September 11, 2019, plaintiff moved to voluntarily dismiss defendant Nora Bloomingdale from this action pursuant to Fed. R. Civ. P. 41 "without attorney's fees or costs." Dkt. 70. None of the defendants opposed or otherwise responded to the motion.

On October 9, 2019, plaintiff moved to "supplement" his motion to voluntarily dismiss defendant Bloomingdale to fix a typographical error in his original motion. Dkt. 73. Specifically, plaintiff indicates that the motion should read "[t]here should be <u>no</u> award of attorney's fee's [sic] or any cost" and that his previous motion had omitted the word "no" from this sentence. *Id.* On October 10, 2019, defendant Bloomingdale filed a response to plaintiff's motion to dismiss (Dkt. 70) and motion for leave to supplement his motion to dismiss (Dkt. 73) stating she "does

ORDER GRANTING MOTION FOR
VOLUNTARY DISMISSAL - 1

not oppose the plaintiff's motion to dismiss her from this lawsuit, and she does not intend to pursue attorney's fees and costs due to plaintiff's willingness to voluntarily dismiss her from this lawsuit." Dkt. 74.

Once an answer has been filed to the operative complaint, a plaintiff may dismiss an action only by court order and on terms that the court considers proper. *See* Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court[.]" *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). At this point, although defendants have filed answers and discovery has commenced, no dispositive motions have been filed. Under the circumstances, at this relatively early stage of the case, and considering that defendant Bloomingdale does not oppose the plaintiff's motions and none of the other defendants have filed opposition to the motions, the court is persuaded that defendant Bloomingdale will not suffer any legal prejudice by the dismissal of the complaint without prejudice. *See id.*

Accordingly, plaintiff's motions for voluntary dismissal (Dkt. 70) and to supplement the motion for voluntary dismissal (Dkt. 73) are GRANTED. Plaintiff's claims against defendant Bloomingdale are DISMISSED WITHOUT PREJUDICE and without attorneys fees or costs to either side. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory).

DATED this 29th day of October, 2019.

James L. Robart
United States District Court Judge

ORDER GRANTING MOTION FOR
VOLUNTARY DISMISSAL - 2