UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

      Plaintiff,

v.

CALVIN COGBURN, et al.,

      Defendant.

CASE NO. C18-1800-JLR-BAT

**ORDER GRANTING MOTION TO AMEND AND DIRECTING FILING AND SERVICE OF SECOND AMENDED COMPLAINT**

  Plaintiff filed his 42 U.S.C. §1983 civil rights action in December 2018. After service of the original complaint but prior to defendants' answers, plaintiff filed an amended complaint and defendants have now filed answers. Dkts. 25, 40. Plaintiff now moves for leave to file a second amended complaint and attaches a document entitled "second proposed supplemental amended complaint." Dkt. 75. The "second proposed supplemental amended complaint" includes a new defendant, Charlotte Joplin, and no longer names Lisa Anderson as a defendant. *Id.*

  Defendants, in response to plaintiff's motion, indicate they do not object to plaintiff filing a second amended complaint or a supplement to his first amended complaint, but request clarification as to whether plaintiff is intending to file a second amended complaint, which would act as a complete substitute for any prior complaints, or whether he is attempting to file a supplement to his first amended complaint. Dkt. 79. Plaintiff, in reply, clarifies that his intent is

to file a second amended complaint, not to supplement, but also indicates he inadvertently left out defendant Anderson in his proposed second amended complaint, and submits a corrected proposed second amended complaint which includes defendant Anderson. Dkt. 80. The corrected proposed second amended complaint filed with plaintiff's reply appears otherwise identical to the proposed second amended complaint filed with plaintiff's motion. *Compare* Dkts. 75, 80.

Pursuant to Fed. R. Civ. P. 15(a), at this point in the litigation, plaintiff "may amend [his] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In determining whether to allow an amendment to a complaint Courts consider the following factors: "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989).

Here, defendants do not object to plaintiff's filing of the proposed second amended complaint included with plaintiff's motion to amend. Dkt. 79. The Court notes that plaintiff has submitted a corrected second amended complaint in his reply which includes defendant Anderson, who he indicates he inadvertently omitted, but makes no other changes. Dkt. 80. Because defendant Anderson was previously named and has appeared in this action, and the defendants do not otherwise object to the proposed second amended complaint, it does not appear to the Court that defendants will be prejudiced by the plaintiff's correction to the second amended complaint.

Accordingly, plaintiff's motion to file a second amended complaint (Dkt. 75, 80) is **GRANTED** and it is further **ORDERED**:

(1) The Clerk is directed to **docket plaintiff's corrected proposed second amended complaint included with his reply (Dkt. 80, at 9-69) as the second amended complaint** and

ORDER GRANTING MOTION TO AMEND
AND DIRECTING FILING AND SERVICE
OF second AMENDED COMPLAINT - 2

add defendant Charlotte Joplin as a defendant to the docket.

(2) <u>Service by Clerk</u>

The Clerk is directed to send the following **to pre-existing defendants who have already appeared in this action,** Calvin Cogburn (Psychiatric ARNP, Special Offender Unit, Monroe Correctional Complex), Steven Jewitt (DOC Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Daniel Schneeweiss (DOC Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Jack Warner (Superintendent, Special Offender Unit, Monroe Correctional Complex), Lisa Anderson (Correctional Unit Supervisor, Monroe Correctional Complex), Kathy Grey (E-Unit Supervisor, Special Offender Unit, Monroe Correctional Complex), Tanya Brown (DOC Psychologist, Special Offender Unit, Monroe Correctional Complex), William J. Collins (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Eric S. Rosmith (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Robert Carsrud (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe Correctional Complex), Lamin Sanneh (DOC Psychologist/Psychiatrist, Special Offender Unit, Monroe Correctional Complex), C. Sais (DOC Psychologist Associate, Special Offender Unit, Monroe Correctional Complex), Bruce Gage (DOC Psychiatrist Overseeing, Special Offender Unit, Monroe Correctional Complex) **by e-mail**: a copy of plaintiff's second amended complaint, this Order, and notice of lawsuit.

The Clerk is directed to send to the newly named defendant Charlotte Joplin, ("Administrator", Special Offender Unit, Monroe Correctional Complex) **by email**: a copy of plaintiff's second amended complaint and this Order, notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

(3) <u>Response Required</u>

ORDER GRANTING MOTION TO AMEND
AND DIRECTING FILING AND SERVICE
OF second AMENDED COMPLAINT - 3

**Defendant Charlotte Joplin shall have 30 days** within which to return the enclosed waiver of service of summons. If defendant timely returns the signed waiver she shall have **60 days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

If defendant fails to timely return the signed waiver she will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **30 days** after service.

**To the extent the second amended complaint contains new allegations against the pre-existing defendants who have already appeared in this action,** those defendants shall file and serve amended answers to the second amended complaint, or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure, within **60 days** after the date designated on the notice of lawsuit.

(4) <u>Filing and Service by Parties Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

(5) <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(5) <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be

noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

    (6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7) The Clerk is directed to send copies of this Order to plaintiff and to the Honorable James L. Robart.

DATED this 8th day of November, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND
AND DIRECTING FILING AND SERVICE
OF second AMENDED COMPLAINT - 7