UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

                Plaintiff,

v.

CALVIN COGBURN, ET AL., et al.,

                Defendant.

CASE NO. 2:18-cv-01800-JLR-BAT

**FOURTH AMENDED PRETRIAL SCHEDULING ORDER**

The Court having considered plaintiff's motion to extend time, Dkt. 92, and defendant's response indicating no opposition to a reasonable extension, Dkt. 93, hereby GRANTS plaintiff's motion and **ORDERS**:

**DISCOVERY**

The date to complete discovery in this case is extended from **April 8, 2020 to June 22, 2020**. This includes serving responses to interrogatory questions and requests for production, and the completion of all depositions. Responses to interrogatory questions and requests for production must be served not later than **30 days** after service of the discovery requests. The serving party, therefore, must serve his/her discovery requests by **May 22, 2020**, so that the responding party can answer by the discovery cut-off. *See* Rules 33(b) and 34(b)(2) of the Federal Rules of Civil Procedure.

FOURTH AMENDED PRETRIAL scheduling order - 1

## DISCOVERY DISPUTES

If a discovery dispute arises, a party must fulfill the Court's meet and confer requirements **before** filing a motion to compel discovery. *See* Local Rule 37. Any motion to compel discovery must include a written certification that the moving party has in good faith effort either met and conferred or attempted to meet and confer. A motion to compel that lacks such a certification will be denied.

## MOTIONS

Any dispositive motion shall be filed and served on or before **July 20, 2020**. If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (emphasis added).

**Defendants MUST serve *Rand* and *Wyatt* notices** concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*,

FOURTH AMENDED PRETRIAL scheduling order - 2

684 F3.d 934, 942 (9th Cir. 2012). The Ninth Circuit's model language for such notices is noted above. Defendants who do not file and serve, in a separate document, the required *Rand* and *Wyatt* notices may face (a) immediate striking of their motions with leave to refile and (b) possible monetary sanctions.

**JOINT PRETRIAL STATEMENT**

A Joint Pretrial Statement deadline will be established at a later date, pending the outcome of any motions for dismissal or summary judgment.

**PROOF OF SERVICE AND SANCTIONS**

All motions, pretrial statements, and other filings must be accompanied by proof that such documents were served upon the opposing party's lawyer or upon any party acting pro se. The proof must show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court.

Failure to comply with the provisions of this Order can result in dismissal of the case or other appropriate sanctions. The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant.

DATED this 25th day of March, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

FOURTH AMENDED PRETRIAL scheduling order - 3