1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  DANIEL JAY PEREZ,

9                              Plaintiff,          CASE NO. 2:18-cv-01800-JLR-BAT

10        v.                                        **ORDER DENYING MOTION FOR PERSONAL SERVICE AND SPOLIATION SANCTIONS AND GRANTING MOTION FOR DOCKET SHEET**

11  CALVIN COGBURN, et al.,

12                              Defendant.

13        Plaintiff, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, moves

14  for (1) an order directing personal service upon the defendants (Dkt. 102), (2) for "spoliation

15  sanctions," (Dkt. 101) and (3) for a copy of the docket sheet (Dkt. 103).

16                    **Motions for Personal Service and for Copy of Docket Sheet**

17        Plaintiff's motion for an order directing personal service (Dkt. 102) is denied as moot as

18  it appears all defendants have now waived service and answered in this case. Plaintiff's motion

19  for a copy of the docket sheet (Dkt. 103) is granted to the extent that the Clerk is directed to

20  provide plaintiff with a copy of the docket sheet in this matter.

21                              **Motion for Spoliation Sanctions**

22        Plaintiff moves for sanctions based upon defendants' alleged spoliation of evidence. Dkt.

23  101. Specifically, plaintiff asserts defendants had a duty to retain recordings of his involuntary

1  medication hearings which took place on February 7 and February 21, 2019, and defendants

2  should be sanctioned for not retaining the recordings. Plaintiff sought these recordings through

3  discovery. *See* Dkt. 101, at 17. Defendants acknowledge the recordings were not produced to

4  plaintiff during discovery because they do not exist, asserting that once the minutes and

5  statements of the hearing are transcribed, per current practice, the recording is erased to be used

6  for the next hearing. *See id*. Plaintiff asks the Court to impose "appropriate sanctions" potentially

7  including a default judgment or an adverse inference on summary judgment or at trial. Dkt. 101,

8  at 5.

9         Spoliation is the "destruction or significant alteration of evidence, or the failure to

10  preserve property for another's use as evidence, in pending or future litigation." *Kearney v.*

11  *Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir.2009) (citation omitted). While a district

12  court may levy sanctions for the spoliation of evidence, sanctions are appropriate only if the

13  party had notice that the evidence is potentially relevant to a claim. *See U.S. v. $40,955.00 in*

14  *U.S. Currency*, 554 F.3d 752, 758 (9th Cir.2009); *Leon v. IDX Syss. Corp.*, 464 F.3d 951, 958

15  (9th Cir.2006). The duty to preserve evidence is triggered when a party knows or reasonably

16  should know that the evidence may be relevant to pending or future litigation. *Surowiec v.*

17  *Capital Title Agency, Inc.,* 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011); *See Silvestri v. General*

18  *Motors*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not

19  only during litigation but also extends to that period before the litigation when a party reasonably

20  should know that the evidence may be relevant to anticipated litigation."); *Leon*, 464 F.3d at 959

21  (finding that duty to preserve exists when party had "some notice that the documents were

22  potentially relevant to the litigation before they were destroyed"); *Apple Inc. v. Samsung Elecs.*

23  *Co*., 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012). The party seeking spoliation sanctions has the

ORDER DENYING MOTION FOR
PERSONAL SERVICE AND SPOLIATION
SANCTIONS AND GRANTING MOTION
FOR DOCKET SHEET - 2

1  burden of establishing the elements of a spoliation claim. *Reinsdorf v. Skechers U.S.A., Inc.*, 296

2  F.R.D. 604, 626 (C.D. Cal. 2013); *Centrifugal Force, Inc. v. Softnet Communication, Inc.,* 783

3  F.Supp.2d 736, 740 (S.D.N.Y. 2011).

4       Plaintiff's original complaint, which was served in January 2019, named defendants

5  Calvin Cogburn, Nora Bloomingdale, Steven Jewitt, Daniel Schneeweiss, Jack Warner, Lisa

6  Anderson, Kathy Grey and Tanya Brown. *See* Dkt. 6. Plaintiff's claims in his original complaint

7  related to his placement on 72-hour emergency involuntary psychiatric medication and his

8  transfer to the Close Observation Area in August 2018 despite his claim that there was no "true

9  emergency" and he was not a danger to himself or others or gravely disabled. *See* Dkt. 6. On

10  February 27, 2019, plaintiff moved to amend his complaint to include additional defendants

11  William Collins, Eric Rosmith, Robert Carsrud, Lamin Sanneh, Connie Sais, and Bruce Gage as

12  well as new allegations that his due process rights were violated during involuntary medication

13  hearings held on February 7, 2019 and February 21, 2019. Dkts. 21, 25. Specifically, plaintiff

14  appears to argue that his due process rights were violated because he was not given the

15  opportunity to fully cross-examine all witnesses and the hearing was stopped abruptly and he

16  was not given sufficient opportunity to present his case. Dkt. 25, at 24-25. Plaintiff's motion to

17  amend was granted and the Court directed service of the amended complaint on March 6, 2019.

18  Dkt. 24.

19       Plaintiff argues that defendants had a duty to preserve these February 2019 hearing

20  recordings based on a January 22, 2019, email sent to one of the original defendants in the case

21  (Kathy Grey), through a legal liaison, advising her that "any and all records related to the

22  offender must be retained now that there is active litigation. Retention schedules no longer

23  apply." Dkt. 101, at 33. Plaintiff also argues the defendants should have reasonably understood

ORDER DENYING MOTION FOR
PERSONAL SERVICE AND SPOLIATION
SANCTIONS AND GRANTING MOTION
FOR DOCKET SHEET - 3

1   that plaintiff was going to file some form of legal action related to the February 7 and 21, 2019,

2   hearings, as they knew he did not agree with their rationale that he met the criteria for

3   involuntary medications. Dkt. 101.

4          Plaintiff fails to establish that sanctions for spoliation of evidence are warranted. The fact

5   that plaintiff had a pending legal action related to the emergency involuntary administration of

6   medication in August 2018, could not reasonably be found to have placed existing defendants

7   (much less yet unnamed future defendants) on notice that plaintiff would seek to add claims

8   related to lack of due process in hearings conducted six months later, in February 2019. The

9   email sent in January 2019 also could not reasonably be viewed as sufficient to place existing or

10  future defendants on notice that they should retain the recordings of hearings that had not yet

11  taken place and were not the basis for plaintiff's pending legal action.

12         Although it is unclear from the record exactly when the hearing recordings were taped

13  over, the evidence from the defendants tends to indicate that it was the facility's practice to tape

14  over the recordings as soon as the minutes and statements of the hearing were transcribed. The

15  dates attached to some of the minutes and statements from these hearings appear to reflect that at

16  least some of them were transcribed within days after the hearings which took place on February

17  7, and 21, 2019. Dkt. 101, at 63-86. Plaintiff did not move to amend his complaint to add claims

18  related to these hearings until February 27, 2019. Dkt. 21. Plaintiff has offered no evidence at

19  this point to indicate that the hearing recordings were taped over, and thereby made unavailable,

20  *after* he moved to amend his complaint to include his claims related to the February 2019

21  hearings. Accordingly, plaintiff has not met his burden of demonstrating that defendants knew or

22  reasonably should have known that the hearing recordings may be relevant to pending or future

23  litigation before those recordings were taped over and thereby rendered unavailable. Based on

the current record, the Court finds there is no basis to impose sanctions. Therefore, plaintiff's motion for spoliation sanctions (Dkt. 101) is DENIED.

### Conclusion

For the foregoing reasons, plaintiff's motion for an order directing personal service on the defendants (Dkt. 102) is DENIED as moot. Plaintiff's motion seeking a copy of the docket sheet (Dkt. 103) is GRANTED and the Clerk is directed to provide plaintiff with a copy of the docket sheet. Plaintiff's motion for spoliation sanctions (Dkt. 101) is DENIED.

The Clerk shall provide a copy of this order to the parties.

DATED this 21st day of August, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR
PERSONAL SERVICE AND SPOLIATION
SANCTIONS AND GRANTING MOTION
FOR DOCKET SHEET - 5