UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

               Plaintiff,

   v.

CALVIN COGBURN, ET AL.,

               Defendant.

CASE NO. 2:18-cv-01800-JLR-BAT

**ORDER DENYING SECOND MOTION TO APPOINT COUNSEL**

     Plaintiff filed a second motion for appointment of counsel, and a motion to expedite review of the second motion for appointment. Dkt. 139 and 140. As the Court noted in the first order denying plaintiff's motion for appointment of counsel, there is no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court appoints counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To assess whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING SECOND MOTION TO
APPOINT COUNSEL - 1

Plaintiff contends he requires counsel because he is indigent and cannot retain counsel, the issues in his case are complex, he has had problems obtaining discovery from the defendants, he has no legal training, and he would be better served if represented by counsel. These are essentially the same arguments plaintiff raised in his first motion for counsel. *See* Dkt. 48.

Plaintiff has not demonstrated the existence of "exceptional circumstances" to support his request for appointment of counsel. Plaintiff is plainly capable of articulating his claims *pro se*. The docket establishes plaintiff has filed numerous typed pleadings that demonstrate he is familiar with the court rules and law pertaining to his claims. As noted in the first order denying counsel, this is not a complex case involving complex facts or law. The complaint alleges defendants violated plaintiff's rights by involuntarily administering anti-psychotic medications. Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion. Dkt. 139, 140.

The Clerk shall provide a copy of this Order to plaintiff.

DATED this 5th day of January 2020.

                                                                                    BRIAN A. TSUCHIDA
                                                                                    United States Magistrate Judge