1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JAY PEREZ,

                          Plaintiff,

        v.

CALVIN COGBURN, et al.,

                          Defendant.

CASE NO. 2:18-cv-01800-JLR-BAT

**ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL,
DIRECTING CLERK TO MARK
MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES**

Plaintiff moves to compel discovery related to discovery requests submitted to defendants Sais, Collins, Anderson, Warner, Jewitt, Grey, Cogburn, Joplin, and Sanneh. Dkt. 123. Defendants oppose the motion arguing that they have either properly objected to the discovery request, provided plaintiff with a response, or are in the process of providing plaintiff with an agreed supplemental response. Dkt. 130. In his reply, plaintiff withdraws his motion with respect to defendants Sanneh, Grey and Cogburn. Dkt. 134. Accordingly, the Court will address plaintiff's motion with respect to defendants Sais, Collins, Anderson, Warner, Jewitt and Joplin. Plaintiff also moved for an extension of the discovery deadline in this case but subsequently withdrew that motion. Dkts. 135, 137. Accordingly, the Clerk is directed to mark plaintiff's motion for extension (Dkt. 135) as withdrawn and strike the motion designation on the docket.

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 1

1    A party may obtain discovery regarding any nonprivileged information that is relevant to

2    any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). When determining whether

3    evidence is discoverable, the Court must also consider "whether the burden or expense of the

4    proposed discovery outweighs its likely benefits." *Id*. Once the party seeking discovery has

5    established the request meets this relevancy requirement, "the party opposing discovery has the

6    burden of showing that the discovery should be prohibited, and the burden of clarifying,

7    explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal.

8    May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or

9    contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R.

10   Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the

11   party opposing disclosure before seeking court intervention. *Id*.

12   **A.      Defendant Sais**

13       Plaintiff challenges defendant Sais's response to Interrogatory No. 10, which asked if she

14   "documented any justification for limitations on cross-examination or introduction of

15   documentary evidence in the involuntary medication hearing minutes for the hearing held on

16   2/27/19 for the plaintiff." Dkt. 123-1, at 41. Defendant objected to the question mainly on the

17   grounds that the word "justification" was unclear in its meaning and that answering required the

18   defendant "to concede a point of liability which she does not concede, which is that she limited

19   plaintiff's rights in the hearing." *Id*.

20       Plaintiff's motion to compel is denied as to the form of the question which, as

21   defendants' point out, assumes a factual premise which they do not concede, i.e., that defendant

22   limited cross-examination or the introduction of documentary evidence.

23
ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 2

1

2    Plaintiff also challenges defendant Sais' lack of response to Interrogatories No. 23 and 24

3    which ask if she "destroyed any evidence in this case in regards to plaintiff's Involuntary

4    Medications Hearings held on 2/7/2019 and 2/21/2019" or if she has "any information on any

5    employee or agent of the Department of Corrections destroying [such] evidence[.]" Dkt. 123-1,

6    at 49-50. Defendants object to this question on several grounds including that the term

7    "evidence" is vague and it is unclear whether plaintiff is referring to "evidence" related to the

8    hearing or "evidence" related to this case. *Id.* Plaintiff appears to clarify in his reply that the

9    "evidence" he is referring to is any evidence introduced at the formal hearings held on 2/7/2019

10   and 2/21/2019.

11   The Court agrees that the question as posed in the interrogatory was somewhat

12   ambiguous in terms of what "evidence" plaintiff was referring to. However, plaintiff's response

13   appears to clarify the scope somewhat of what he is seeking. Accordingly, the parties are

14   directed to confer and determine whether defendants are able to provide a response to plaintiff's

15   question based on the clarification of the term "evidence" plaintiff describes in his reply.

16   Plaintiff's motion to compel is denied without prejudice with respect to those Interrogatories.

17   **B.    Defendant Collins**

18   Plaintiff challenges defendant Collins's response to Interrogatories No. 4, 5 and 6. Dkt.

19   123, at 8-10. In Interrogatory No. 4, plaintiff asks for the name of the person who "altered or

20   directed the altering" of two Exhibits. Dkt. 123-1, at 57-60. In Interrogatory No. 5, plaintiff asks

21   for the "day and time Exhibits 'A and Exhibits 'B' were altered identifying the computer or

22   printer location and identification number. *Id.* In Interrogatory No. 6, plaintiff asks defendant to

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 3

1   "state what the reasoning was for altering Exhibit 'A' and Exhibit 'B.'" *Id.* Defendants object in

2   part on the grounds that plaintiff's questions are based on the factual premise that a document

3   was altered, which defendants do not concede. *Id.*

4        Plaintiff's motion to compel is denied as to the form of the questions posed in

5   Interrogatories No. 4, 5, and 6, which, as defendant points out, assume a factual premise which

6   defendants do not concede, i.e., that documents were intentionally altered.

7        Plaintiff also moves to compel a response to his Request for Production (RFP) No. 2

8   which asks defendant to produce "copies of, or make available for inspection and/or coping [sic]

9   any documents related to Exh. A and B or the destruction of originals." Dkt. 123, at 60-61.

10  Defendants responded with several documents. *Id.* Plaintiff makes no argument as to why these

11  responses are insufficient. Accordingly, plaintiff's motion is denied with respect to RFP No. 2.

12  **C.   Defendant Anderson**

13       Plaintiff also challenges defendant Anderson's response to Interrogatories No. 2, 3, 4, 5,

14  6, 8, 9, 10, and 11. Dkt. 123, at 8-10.

15       In Interrogatories No. 2, 3, and 6, plaintiff asks defendant to identify all documents that

16  would be used as exhibits to a summary judgment motion, and to identify all "witnesses" during

17  the summary judgment hearing. Dkt. 123-1, at 70-73. Similarly, in Interrogatories No. 4 and 5,

18  plaintiff asks the defendant to "identify the factual basis for your contention that [plaintiff] may

19  not have exhausted all available remedies" related to his Fourteenth Amendment and Eighth

20  Amendment claims against defendants. *Id.* Defendants objected on the grounds that these

21  requests were premature and improper in that they were in fact directed to defense counsel, not

22  to defendant. *Id.*

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 4

The Court agrees with the defendant's objections. Plaintiff appears to be essentially requesting a preview of defense counsel's potential future legal arguments and strategy in litigating the case. Moreover, no dispositive motions have been filed at this point and plaintiff will have ample opportunity to respond to any future dispositive motion defendants may decide to bring. Accordingly, plaintiff's motion to compel is denied with respect to these Interrogatories.

Plaintiff also challenges defendants' responses to Interrogatories 8, 9, 10, and 11. Dkt. 123, at 8-10. These interrogatories ask defendant to identify who made the alterations to certain documents. Dkt. 123-1, at 74-76. Defendant objected in part on the grounds that plaintiff's questions are based on the factual premise that a document was intentionally altered, which defendants do not concede. *Id.*

Plaintiff's motion to compel is denied as to the form of the questions posed in Interrogatories No. 8, 9, 10, and 11, which, as defendant points out, assume a factual premise which defendants do not concede, i.e., that documents were intentionally altered.

**D.      Defendant Warner**

Plaintiff also challenges defendant Warner's response to Interrogatories Nos. 2, 3, 4, 5, 6, 8, 9, 10, and 11.

In Interrogatories No. 2, 3, and 6, plaintiff asks defendant to identify all documents that would be used as exhibits to a summary judgment motion, and to identify all "witnesses" during the summary judgment hearing. Dkt. 123-1, at 80-83. Similarly, in Interrogatories No. 4 and 5, plaintiff asks the defendant to "identify the factual basis for your contention that [plaintiff] may not have exhausted all available remedies" related to his Fourteenth Amendment and Eighth

1    Amendment claims against defendants. *Id.* Defendants objected on the grounds that these

2    requests were premature and improper in that they were in fact directed to defense counsel, not

3    to defendant.

4         The Court agrees with the defendant's objections. Plaintiff appears to be essentially

5    requesting a preview of defense counsel's potential future legal arguments and strategy in

6    litigating the case. Moreover, no dispositive motions have been filed at this point and plaintiff

7    will have ample opportunity to respond to any future dispositive motion defendants may decide

8    to bring. Accordingly, plaintiff's motion to compel is denied with respect to these

9    Interrogatories.

10        Plaintiff also challenges defendants' responses to Interrogatories 8, 9, 10, and 11. These

11   interrogatories ask defendant to identify who made the alterations to certain documents. Dkt.

12   123-1, at 84-86. Defendant objected in part on the grounds that plaintiff's questions are based on

13   the factual premise that a document was intentionally altered, which defendants do not concede.

14   *Id.*

15        Plaintiff's motion to compel is denied as to the form of the questions posed in

16   Interrogatories No. 8, 9, 10, and 11, which, as defendant points out, assume a factual premise

17   which defendants do not concede, i.e., that documents were intentionally altered.

18        Plaintiff also challenges defendant Warner's response to Requests for Production (RFP)

19   Nos. 1, 2, and 5. Dkt. 123, at 8-10.

20        In RFP No. 1, plaintiff requests that defendant "provide copies of or make available for

21   inspection and/or coping [sic], all disciplinary records, internal investigation reports, grievances,

22   staff misconduct complaints and/or reprimands that involve allegations including but not limited

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 6

1   to, improper documentation, retaliation, and/or untruthful conduct involving each of the

2   Defendants throughout the course of their employment with the Washington State Department of

3   Corrections." Dkt. 123-1, at 16-17. Defendants object to this mainly because "grievances in

4   DOC's system are not tracked by staff member, and to respond to Plaintiff's request would

5   require a hand review of all grievances from the time period that any Defendant worked at

6   DOC[.]" *Id.* Defendant argues the work required to perform this search would not be

7   proportional to the needs of the case. Plaintiff, in reply, clarifies he is not seeking grievances but

8   that his request is limited to defendant's "personnel files that contain any disciplinary

9   investigations, or findings of staff misconduct to include making false statements, retaliation, or

10  misconduct with record keeping or documents handling." Dkt. 134. Plaintiff's reply appears to

11  clarify the scope somewhat of what he is seeking and may alleviate defendants' concern

12  regarding the burden of searching through voluminous grievances records by hand. Accordingly,

13  the parties are directed to meet and confer and determine whether defendants are able to provide

14  a response to plaintiff's question based upon the clarification provided in plaintiff's reply.

15  Plaintiff's motion to compel is denied without prejudice with respect to RFP Nos. 1, 2, and 5.

16       Plaintiff also moves to compel with respect to RFP No. 2 in which plaintiff asks for

17  records related to audits, studies, reviews, or reports related to DOC medical records keeping

18  practices. Dkt. 123-1, at 16-17. Defendants responded with what they assert exists – the DOC

19  Retention Schedule and Health Record Procedure. *Id.* In his reply plaintiff asserts that he "knows

20  that audits and reviews of Defendants' medical record keeping practices have been done" and

21  have "taken the form of Critical Incident Reviews, Ombuds reports, and other internal

22  department audits." Dkt. 134. But plaintiff does not explain the basis for his purported

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 7

1 knowledge that such documents exist and defendants have already responded with what they

2 assert exists. Accordingly, plaintiff's motion to compel is denied with respect to RFP No. 2.

3      Plaintiff also moves to compel with respect to Request for Production (RFP) 4 and 5

4 which both ask for different groups of emails. Dkt. 123-1, at 18-19, 31-32. Defendants'

5 responses point plaintiff to documents "DEFS 2960-2973 (Chronos)" and "Defendant's First and

6 Second Supplemental Answer to Production Request No. 2 of Plaintiff's Production Request to

7 Defendant Calvin Cogburn" in which defendant Cogburn produced documents DEFS 949-1095

8 to plaintiff, all of which were emails defendants assert were discovered after several email

9 searches and reviews. *Id.*

10      Defendants indicate they believe they have produced all relevant emails to plaintiff.

11 Plaintiff, in reply, argues that he has provided defendants with numerous other search terms

12 (which he does not identify) but that he does not believe they have used them to perform

13 searches. Dkt. 134. He also alleges generally that he has "partial emails to and from some

14 Defendants that Defendants have not provided through their production." *Id.* But plaintiff does

15 not describe the substance of these emails, which he claims he obtained "informally", or whether

16 they relate in any way to his claims or defenses in the case. While it is clear that plaintiff is

17 dissatisfied with what was produced by defendants, apart from vague references to emails

18 obtained "informally", he fails to explain in any concrete fashion why what was provided is

19 insufficient. Nor does plaintiff explain why he believes the search terms utilized by defendants,

20 as described by defendants at Dkt. 83, were insufficient to locate any emails relevant or

21 responsive to plaintiff's requests.  Accordingly, plaintiff's motion is denied with respect to these

22 requests.

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 8

1

**E.     Defendant Jewitt**

2          Plaintiff also challenges defendant Jewitt's response to Interrogatories No. 2, 3, 4, 5, 6, 8,

3  9, 10, and 11. Dkt. 123, at 8-10.

4          In Interrogatories No. 2, 3, and 6, plaintiff again asks defendant to identify all documents

5  that would be used as exhibits to a summary judgment motion, and to identify all "witnesses"

6  during the summary judgment hearing. Dkt. 123-1, at 90-93. Similarly, in Interrogatories No. 4

7  and 5, plaintiff asks the defendant to "identify the factual basis for your contention that [plaintiff]

8  may not have exhausted all available remedies" related to his Fourteenth Amendment and Eighth

9  Amendment claims against defendants. *Id.* Defendants objected on the grounds that these

10  requests were premature and improper in that they were in fact directed to defense counsel, not

11  to defendant. *Id.*

12          The Court agrees with the defendant's objections. Plaintiff appears to be essentially

13  requesting a preview of defense counsel's potential future legal arguments and strategy in

14  litigating the case. Moreover, no dispositive motions have been filed at this point and plaintiff

15  will have ample opportunity to respond to any future dispositive motion defendants may decide

16  to bring. Accordingly, plaintiff's motion to compel is denied with respect to these

17  Interrogatories.

18          Plaintiff also challenges defendants' responses to Interrogatories 8, 9, 10, and 11. These

19  interrogatories ask defendant to identify who made the alterations to certain documents. Dkt.

20  123-1, at 94-96. Defendant objected in part on the grounds that plaintiff's questions are based on

21  the factual premise that a document was intentionally altered, which defendants do not concede.

22

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 9

1    Plaintiff's motion to compel is denied as to the form of the questions posed in

2 Interrogatories No. 8, 9, 10, and 11, which, as defendant points out, assume a factual premise

3 which defendants do not concede, i.e., that documents were intentionally altered.

4 **F.    Defendant Joplin**

5    Plaintiff also challenges defendant Joplin's response to Interrogatories Nos. 1, 2, 3, 4, 5,

6 6, 7, 14, 15, 16, 17. Dkt. 123, at 8-10.

7    In Interrogatory No. 1, plaintiff asks defendant to specifically describe "the procedures,

8 policies, or practices, whether formal or informal, used to determine placement on involuntary

9 antipsychotic medications at MCC-SOU between 2018 to present and each individual involved

10 in preparing and implementing any such procedures, policies, or practices." Dkt. 123-1, at 127-

11 128. Defendant objected to the Interrogatory mainly because the question was outside the scope

12 of her knowledge as she is not a medical provider and because a response would be redundant as

13 multiple other medical provider defendants had provided answers and documents related to

14 plaintiff's involuntary medication hearings. *Id.*

15    Plaintiff does not address this objection specifically in his motion or reply or explain why

16 the answers and documents provided by other medical provider defendants are insufficient to

17 answer his question such that defendant Joplin should be compelled to answer. Accordingly,

18 plaintiff's motion is denied with respect to Interrogatory No. 1.

19    In Interrogatory No. 2, asks defendant to "[i]dentify the five individuals most

20 knowledgeable about collecting, processing, and handling of involuntary medications referrals

21 and involuntary medication related documents at MCC-SOU including documenting, referring,

22 training, hold the hearings and processing any appeals, kites or other involuntary medication

23

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 10

related documents. Dkt. 123-1, at 128. Defendant objected mainly on the grounds that the question did not have a factual answer int that there was no a definitive way to identify the "five individuals most knowledgeable" about that information. *Id.*

Plaintiff's motion to compel as to Interrogatory No. 2 is denied as to the form of the question.

In Interrogatories No. 3, 4, 5, 6, and 7, plaintiff again asks defendant to identify all documents that would be used as exhibits to a summary judgment motion, and to identify all "witnesses" during the summary judgment hearing. Dkt. 123-1, at 129-132. Similarly, in Interrogatories No. 4 and 5, plaintiff asks the defendant to "identify the factual basis for your contention that [plaintiff] may not have exhausted all available remedies" related to his Fourteenth Amendment and Eighth Amendment claims against defendants. *Id.* Defendants objected on the grounds that these requests were premature and improper in that they were in fact directed to defense counsel, not to defendant.

The Court agrees with the defendant's objections. Plaintiff appears to be essentially requesting a preview of defense counsel's potential future legal arguments and strategy in litigating the case. Moreover, no dispositive motions have been filed at this point and plaintiff will have ample opportunity to respond to any future dispositive motion defendants may decide to bring. Accordingly, plaintiff's motion to compel is denied with respect to these Interrogatories.

In Interrogatories No. 14, 15, 16, and 17, plaintiff asks for specific information about the procedures, policies, or practices for placing certain information in offender medical files. Dkt. 123-1, at 134-137. Defendant objected, in part, because this information was already available to

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 11

plaintiff in documents previously provided in discovery – namely DEFS 1425-1501, the Health Information Management Protocols (7th Edition from 1/1/2015) which were produced in response to Plaintiff's Sixth Set of Requests for Production to Defendant Warner, Request for Production No. 1. *Id.* As such, defendant argues this request is redundant.

Plaintiff does not address this objection specifically in his motion or reply or explain why the answers and documents already provided are insufficient to answer his question. Accordingly, plaintiff's motion to compel is denied with respect to Interrogatories No. 14, 15, 16, and 17.

Plaintiff also challenges defendant Joplin's response to Request for Production (RFP) No. 5 in which plaintiff asked for "any documented authorization to erase/delete audio recordings for involuntary anti-psychotic medication hearings, including Plaintiff's hearings held on 2/7/2019 and 2/21/2019." Dkt. 123-1, at 25. Defendants responded that "there is no retention policy regarding recordings. It is procedure to delete the recordings after transcription. No authorization is needed for this. The transcript is then placed in the medical chart under legal. Once in the medical chart, the transcription falls under the retention policy for the rest of the medical chart; 10 years after release from DOC." *Id.* Defendants' response indicates that there are no records that are responsive to plaintiff's request. Accordingly, plaintiff's motion to compel is denied with respect to RFP 5.

## G.   Similar Discovery Requests with Coordinate Response

Plaintiff also moves to compel with respect to Interrogatories No. 10 and 22 to defendant Cogburn, Interrogatory No. 11 to defendant Collins, Interrogatory No. 22 to defendant Sais,

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 12

1    Interrogatory No. 19 to defendant Grey, and Interrogatory No. 24 to defendant Sanneh.[1] Dkt.

2    123, at 8-10.

3          Defense counsel indicates the parties discussed these interrogatories during their meet

4    and confer conference on September 1, 2020, and that plaintiff clarified that his focus with these

5    questions was on whether there were going to be any non-parties (non-defendants) providing

6    declarations in the case. Dkts. 132, 133. Defense counsel agreed that if in the course of the case

7    defendants decided or learned that a non-party would likely be providing a substantive

8    declaration, defendants would supplement their discover responses to identify the non-party. *Id.*

9    Defendants assert that based upon this agreement there is nothing for the Court to compel related

10   to these interrogatories. *Id.* Plaintiff does not appear to dispute this in his reply. Accordingly,

11   plaintiff's motion is denied with respect to these interrogatories.

12   **H.      Request for Discovery Sanctions**

13          Plaintiff requests sanctions against defendants. The record shows that defendants have

14   propounded a large amount of discovery to plaintiff and have also agreed to send additional

15   supplements to plaintiff. While the discovery process in this case has been lengthy and

16   defendants acknowledge there have been delays in responding to discovery requests, the Court

17   accepts defense counsel's representation that these delays are due in large part to difficulties

18   related to staffing, remote work, technology and the increased demands on DOC staff due to

19   COVID-19. It appears to the Court that defense counsel has been working in good faith to

20   provide discovery to plaintiff. Accordingly, plaintiff's request for sanctions is denied.

21

22   _____

     [1] The Court notes that plaintiff has withdrawn his motion with respect to defendants Grey, Cogburn, and
23   Sanneh.

     ORDER DENYING PLAINTIFF'S MOTION
     TO COMPEL, DIRECTING CLERK TO
     MARK MOTION FOR EXTENSION
     WITHDRAWN, AND EXTENDING
     PRETRIAL DEADLINES - 13

**I.      Conclusion and Extension of Discovery and Dispositive Motions Deadlines**

For the foregoing reasons the Court orders the following:

1) The Clerk is directed to mark plaintiff's motion for extension (Dkt. 135) WITHDRAWN and to strike the motion designation on the docket.

2) Plaintiff's motion to compel (Dkt. 123) is DENIED as provided above.

3) Because the Court has directed the parties to meet and confer regarding the very limited discovery issues described above, the Court hereby extends the discovery deadline to **February 8, 2021**, solely to allow the parties to discuss those limited issues. If the parties are unable to resolve these issues on their own, plaintiff may renew his motion to compel solely with respect to these issues for which the parties were directed to meet and confer on or before **February 8, 2021**. **No additional discovery requests may be served.**

4) The dispositive motions deadline is also extended to **March 10, 2021**.

5) The Clerk shall provide a copy of this order to the parties.

DATED this 7th day of January, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL, DIRECTING CLERK TO
MARK MOTION FOR EXTENSION
WITHDRAWN, AND EXTENDING
PRETRIAL DEADLINES - 14