1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    DANIEL JAY PEREZ,

9                          Plaintiff,              CASE NO. 2:18-cv-01800-JLR-BAT

10         v.                                      ORDER DENYING MOTIONS FOR
                                                   RECONSIDERATION, TO EXTEND
11   CALVIN COGBURN, et al.,                       DISCOVERY, AND TO ISSUE
                                                   SUBPOENA DUCES TECUM
12                         Defendant.

13         In 2018, Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983. In January and

14   February 2021, he filed motions for reconsideration (Dkt. 143), to issue subpoena duces tecum

15   (Dkt. 144), and to extend the time to complete discovery (Dkt. 145).[1] For the reasons below,

16   Plaintiff's motions (Dkts. 143, 144, 145) are DENIED.

17   **A.      Motion for Reconsideration**

18         Plaintiff moves for reconsideration of parts of the Court's January 7, 2021, order denying

19   his motion to compel. Dkt. 143. Specifically, he moves for reconsideration of the Court's order

20   denying his motion with respect to Interrogatories numbers 4, 5, and 6 directed to defendant

21   Collins, and Interrogatories numbers 8, 9, and 10, directed to defendants Anderson, Warner and

22

23   _____
     [1] Plaintiff has also filed a motion for leave to file a fourth amended complaint (Dkt. 148) which the Court
     will address by separate order.

     ORDER DENYING MOTIONS FOR
     RECONSIDERATION, TO EXTEND
     DISCOVERY, AND TO ISSUE SUBPOENA
     DUCES TECUM - 1

Jewitt. *Id.* Plaintiff asserts he has "new evidence" that warrants reconsideration of the Court's prior ruling.

Motions for reconsideration are disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

Here, Plaintiff fails to show manifest error in the Court's prior ruling, or new facts or legal authority that would warrant reconsideration of the Court's order. By order dated January 7, 2021, the Court granted in part and denied in part Plaintiff's motion to compel. Dkt. 142. With respect to defendant Collins, the Court's order stated, in relevant part:

> In Interrogatory No. 4, Plaintiff asks for the name of the person who "altered or directed the altering" of two Exhibits. Dkt. 123-1, at 57-60. In Interrogatory No. 5, Plaintiff asks for the "day and time Exhibits 'A and Exhibits 'B' were altered identifying the computer or printer location and identification number. *Id.* In Interrogatory No. 6, Plaintiff asks defendant to "state what the reasoning was for altering Exhibit 'A' and Exhibit 'B.'" *Id.* Defendants object in part on the grounds that plaintiff's questions are based on the factual premise that a document was altered, which defendants do not concede. *Id.*
>
> Plaintiff's motion to compel is denied as to the form of the questions posed in Interrogatories No. 4, 5, and 6, which, as defendant points out, assume a factual premise which defendants do not concede, i.e., that documents were intentionally altered.

*Id.* With respect to defendants Anderson, Warner and Jewitt, the Court's order stated, in relevant part:

> Plaintiff also challenges defendants' responses to Interrogatories 8, 9, 10, and 11. Dkt. 123, at 8-10. These interrogatories ask defendant to identify who made the

ORDER DENYING MOTIONS FOR
RECONSIDERATION, TO EXTEND
DISCOVERY, AND TO ISSUE SUBPOENA
DUCES TECUM - 2

1

alterations to certain documents. Dkt. 123-1, at 74-76. Defendant objected in part on the grounds that plaintiff's questions are based on the factual premise that a document was intentionally altered, which defendants do not concede. *Id.*

2

Plaintiff's motion to compel is denied as to the form of the questions posed in Interrogatories No. 8, 9, 10, and 11, which, as defendant points out, assume a factual premise which defendants do not concede, i.e., that documents were intentionally altered.

3

4

*Id.*

5

Plaintiff moves for reconsideration of the Court's order based upon a grievance response

6

he received dated December 31, 2020. Dkt. 143. Plaintiff's grievance asserted that when he

7

reviewed his medical file he did not find records that he had been provided previously, he found

8

the record did not disclose properly who had been provided medical disclosures, and that records

9

that had been disputed were not properly marked nor was the statement of disagreement attached

10

to the records. Dkt. 143-1, at 2. He asserts that his medical records have been "falsified[,]" and

11

records found within his file are not the original records. *Id.* He states he currently possesses the

12

original records that were served to him in the legal process of involuntary antipsychotic

13

medication hearings, but those records are not located in his medical files as of November 5,

14

2020. *Id.* The grievance response, dated December 31, 2020, contains the following statement, in

15

relevant part, from Health Service Manager (HSM 1) Symon:

16

Mr. Perez, it does in fact appear that you were served documents that were then altered prior to being placed in the medical chart and or you were not given final copies of documents. It also appears that your appeal request was altered prior to sending it to HQ for review; which may have directly resulted in your appeal being denied. We take this seriously and this information, along with your copies and medical records copies will be forwarded to the Attorney General's (AG's) office for further review. […]

17

18

19

*Id.* The grievance response further states that HSM 1 Symon's statement has been accepted as

20

the facility's Level I administrative response, and is signed by Lee Stemler, CS2. *Id.*

21

The Court does not find that this grievance response constitutes new facts warranting

22

reconsideration of the Court's prior order. The grievance response is not signed by nor does it

23

ORDER DENYING MOTIONS FOR
RECONSIDERATION, TO EXTEND
DISCOVERY, AND TO ISSUE SUBPOENA
DUCES TECUM - 3

contain the names of any of the named defendants to whom the interrogatory questions at issue

were directed. Furthermore, the Court upheld the defendants' objections to the subject

interrogatories due to the form of the questions which were premised upon the assumption that

the specific defendants conceded or had knowledge that the documents in question where

"altered" in the first instance. Because the Plaintiff failed to ask any foundational question of

defendants regarding their awareness of any alteration of the documents, the questions Plaintiff

posed regarding this issue were problematic in that they assumed as fact a proposition that these

specific defendants had not conceded or indicated they were aware of. The Court also notes that,

with respect to plaintiff's medical records, the grievance response does not definitively find that

the documents were, in fact, deliberately altered. Dkt. 143-1, at 2. Rather, the response states that

it appears that the documents Plaintiff was served were either "altered prior to being placed in

the medical chart and *or you were not given final copies of the documents*." *Id.*

Accordingly, the Court finds that Plaintiff has failed to show manifest error in the Court's

prior ruling, or new facts or legal authority that would warrant reconsideration of the Court's

order. Plaintiff's motion for reconsideration (Dkt. 143) is DENIED.

**B.      Motions for Extension of Time to Complete Discovery and to Issue Subpoena Duces Tecum**

Plaintiff moves for an extension of time to complete discovery in order to inquire further

regarding the alleged alteration of his medical records in light of the grievance response

described above. Dkt. 144. Plaintiff also asks the Court to issue a subpoena duces tecum with

respect to non-defendant Lee Stemler (CS2) who signed the grievance response. Dkt. 145.

The Court notes that the original discovery deadline in this case was set for August 19,

2019. In the interim Plaintiff has amended his complaint several times and been granted

numerous extensions of time to complete discovery in this matter. The Court acknowledges that some of the discovery delays in this case are attributable to logistical difficulties related to the COVID-19 pandemic. However, the fact remains that discovery has been in process in this case for over a year and a half and Plaintiff has been afforded substantial extensions to pursue discovery. Furthermore, on December 22, 2020, Plaintiff again requested an extension of the discovery deadline which had expired on December 20, 2020, but shortly thereafter withdrew that request.

On January 7, 2021, the Court extended the discovery deadline to February 8, 2021, solely with respect to very limited issues (not related to the issue in question here) raised in plaintiff's motion to compel but clearly stated that no additional discovery requests may be served. Plaintiff now seeks to reopen discovery entirely. Defendants indicate in their response to plaintiff's motion for extension of time that they have mailed out the discovery related to the remaining limited issues articulated in the Court's January 7, 2021, order.[2] Under the circumstances, the Court declines to re-open discovery at this time.

Accordingly, plaintiff's motions for extension of time to complete discovery (Dkt. 144) and to issue a subpoena duces tecum (Dkt. 145) are DENIED.

The Clerk shall provide a copy of this order to the parties.

DATED this 26th day of February, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[2] Defendants also indicate there are a few other "loose end" discovery disputes that the parties have conferred on and that the defendants are finalizing and will supplement to Plaintiff as needed, as soon as possible. Dkt. 147.

ORDER DENYING MOTIONS FOR
RECONSIDERATION, TO EXTEND
DISCOVERY, AND TO ISSUE SUBPOENA
DUCES TECUM - 5