UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>      Plaintiff,<br><br>  v.<br><br>CALVIN COGBURN, et al.,<br><br>      Defendant. | CASE NO. 2:18-cv-01800-JLR-BAT<br><br>**ORDER ON MOTION TO SUBSTITUTE** |

Plaintiff proceeds *pro se* in this 42 U.S.C. § 1983 civil rights action. Currently before the Court are Defendants' "Statement Noting a Party's Death" (Dkt. 154) and Plaintiff's "Motion to Substitute Deceased Defendant Bruce Gage" (Dkt. 157). Having considered the parties submissions and the relevant record, the Court hereby ORDERS:

## DISCUSSION

**A. Defendants' "Statement Noting a Party's Death"**

Defendants have filed a "Statement Noting a Party's Death" in which they note the death of Defendant Bruce Gage on or about April 26, 2021. Dkt. 154. Defense counsel further indicates that Defendants are "not aware of the identity or existence of Dr. Gage's personal representative at this time but will attempt to serve Dr. Gage's personal representative or

ORDER ON MOTION TO SUBSTITUTE - 1

successor in interest once their identity is determined. Defense counsel will further be in communication with Plaintiff about this process." *Id.*

Fed. R. Civ. P. 25(a)(1) provides that if a party dies, unless substitution is made within 90 days of the service of a suggestion of death, the action shall be dismissed as to the deceased party. *See* Fed.R.Civ.P. 25(a)(1). The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). The rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party. *Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir. 1994).

The first step of this process is for a party to formally suggest the death of the party upon the record. *Barlow*, 39 F.3d at 233. The second step of this process is to serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of a motion to substitute. *Id.* (nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Fed. R. Civ. P. 4). Defendants have complied with the first step of this process by filing the "Statement Noting a Party's Death" with the Court. Dkt. 154. However, as Defense counsel acknowledges, Defendant Gage's successor's or representatives have not yet been identified. *Id.* Until Defendant Gage's successors or representatives have been served, the 90–day period within which a substitution motion may be made or the action dismissed, will not be triggered. *Barlow*, 39 F.3d at 233–34.

Defense counsel indicates that Defendants are attempting to identify Defendant Gage's successors and representatives and will attempt to serve them once their identity is determined. Dkt. 154. Accordingly, on or before August 9, 2021, Defendants are directed to identify Defendant Gage's successors or representatives through the DOC and serve them with the notice of suggestion of death as provided in Rule 25. Alternatively, if Defendants are unable to ascertain Defendant Gage's successors or representatives, they should submit an affidavit or declaration attesting to what steps were taken to locate and serve such person(s). Defendant Gage's death does not automatically terminate the Court's jurisdiction. *Barlow*, 39 F.3d at 235 (order dismissing under Rule 25 was reversed and case was remanded for motion to substitute); *see Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1040 (N.D.Cal. Oct. 17, 2006) (denying motion to dismiss under Rule 25 for failure to provide the court with an assertion or evidence of compliance with the notice requirements of Rule 25); *U.S. v. Seventy–One Firearms*, No. 3:04CV00402, 2006 WL 1983240, at # 2 (D.Nev. July 13, 2006) (Rule 25's 90–day filing period was not triggered for failure to properly serve non-party representative in compliance with Rule 4).

**B.      Motion to Substitute**

      *1.      Individual Capacity Claims*

Plaintiff moves to substitute Defendant Gage with "Defendants successor and Defendants estate representative." Dkt. 157. The Court first considers Plaintiff's motion with respect to his individual capacity claims. When making a determination as to whether a motion to substitute should be granted, the Court considers whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party. Fed. R. Civ. P. 25(a)(1). The proper party to be substituted for a party who has died is "the person who has the legal right

and authority to [. . .] defend against the claims brought against the deceased party." *Totten v. Blair Excavators, Inc.*, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006) (quoting James William Moore, *6 Moore's Federal Practice* §25 (Matthew Bender 3d ed. 2006)). The movant must provide evidence that the party to be substituted is the successor in interest or legal representative of the decedent. *See Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (applying Rule 25(a)(1) to legal representatives of the deceased defendant's estate); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (explaining the application of Rule 25(a)(1) as it applies to a nonparty successors or representatives of a deceased party).

Here, Plaintiff has not identified the proper party to be substituted for Defendant Gage with respect to his individual capacity claims.

### 2. *Official Capacity Claims*

Plaintiff also sues Defendant Gage in his official capacity as the Chief of Psychiatry of the Washington State Department of Corrections. Plaintiff does not provide the name of the individual who should replace Defendant Gage with respect to Plaintiff's official capacity claims. However, Rule 25(d) provides: "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Defendant Gage's successor would be the current Chief of Psychiatry at the Washington State Department of Corrections. Therefore, the Court will substitute the Chief of Psychiatry at the Washington State Department of Corrections in place of Defendant Gage for any official capacity claims Plaintiff has alleged against Defendant Gage. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 n.11 (1985). Defendants are directed to provide

the Court the name of the Chief of Psychiatry at the Washington State Department of Corrections on or before **August 9, 2021**.

**CONCLUSION**

**IT IS HEREBY ORDERED**:

1) On or before **August 9, 2021**, Defendants shall notify the Court of their service of the notice of suggestion of death upon Defendant Gage's successors or representatives or, alternatively, if Defendants are unable to locate such person(s) they shall submit an affidavit or declaration attesting to what steps were taken to locate and serve such person(s).

2) Plaintiff's Motion to Substitute (Dkt. 157) is DENIED without prejudice.

3) Pursuant to Rule 25(d), the Court will substitute the Chief of Psychiatry at the Washington State Department of Corrections in place of Defendant Gage for any official capacity claims Plaintiff has alleged against Defendant Gage.

4) On or before **August 9, 2021** Defendants are directed to provide the Court the name of the Chief of Psychiatry at the Washington State Department of Corrections.

DATED this 6th day of July, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER ON MOTION TO SUBSTITUTE - 5